UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:19-cr-172-SPC-MRM

STEVEN THOMAS BARYLA
_____

# OPINION AND ORDER[1]

Before the Court is Defendant Steven Baryla's Restitution Objections and Motion to Limit the Restitution Amount (Doc. 107), along with the Government's opposition (Doc. 112). After considering the parties' arguments, record, and applicable law, the Court denies the motion.

Earlier this year, Defendant pleaded guilty to possessing child pornography per a plea agreement. (Doc. 83; Doc. 85; Doc. 86). In doing so, he waived his right to a jury trial. The Court later sentenced him to 121 months of imprisonment and a lifetime of supervised release.[2] (Doc. 104). All that remains is restitution. (Doc. 99 at ¶ 114); see also 18 U.S.C. § 2259(b)(2)(B) (setting a $3,000 mandatory minimum restitution amount for possessing of

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Defendant is a repeat offender. (Doc. 99 at ¶ 47). He has already served a 72-month prison sentence for transporting child pornography. Because he violated the terms of his supervised release in committing this offense, the Court also sentenced him to a concurrent term of 18 months' imprisonment. *See United States v. Baryla*, No. 2:19-cr-160-SPC-MRM (Doc. 104).

child pornography). The Court has set a restitution hearing for next week, at which Defendant has waived his appearance.

But Defendant now moves the Court to empanel a jury to decide restitution or to limit the amount to zero. He does so because nowhere in the Indictment, his plea agreement, or at the change of plea hearing did he admit to facts about any victim's identity, any victim's loss, and any portion of a victim's loss he proximately caused. Defendant asserts a jury needs to find these facts beyond a reasonable doubt or he needed to have admitted to them in the plea agreement to warrant a restitution amount over zero. He says anything less will violate his Fifth and Sixth Amendment rights. Defendant gives two reasons for his motion, neither of which wins.

Defendant first argues *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Southern Union Co. v. United States*, 567 U.S. 343 (2012) prohibit this Court from ordering restitution based on its own judicial fact-finding at the upcoming hearing. A quick review of the cases provides context. In *Apprendi*, the Supreme Court held the Sixth Amendment requires a jury to find any fact that triggers an increase in a defendant's "statutory maximum" sentence. 530 U.S. at 490. The "statutory maximum" is the harshest sentence the law allows a court to impose based on facts the defendant has admitted or a jury has found. *Blakely v. Washington*, 542 U.S. 296, 303 (2004). The term "statutory maximum" is not limited to prison time. It also applies to criminal fines.

*Southern Union*, 567 U.S. at 350. Defendant urges that *Southern Union* applies with equal force to restitution. The Court disagrees. And here's why.

The Eleventh Circuit has held that "*Apprendi* does not apply to a restitution order." *Dohrmann v. United States*, 442 F.3d 1279, 1281 (11th Cir. 2006) (adopting its sister circuits' reasoning that the restitution statute, 18 U.S.C. § 3663, does not have a prescribed statutory maximum). So it is well-settled in this circuit that jury findings are not needed for a court's restitution order. Defendant concedes this point. (Doc. 107 at 6). But he urges the Court to break ranks. He wants the Court to find the reasoning in *Southern Union* to abrogate *Dohrmann*. But the Court declines Defendant's suggested course.

*Southern Union* does not discuss restitution, let alone hold that *Apprendi* should apply to it. The Supreme Court only examined criminal fines—not restitution. And restitution differs from criminal fines. Although restitution and criminal fines share a penal impact, the similarity ends there. Because restitution focuses on making criminal victims whole, it also has restorative, compensatory, and remedial purposes not necessarily contemplated in criminal fines. And unlike criminal fines, there is no statutory maximum for restitution under § 2259 to trigger *Apprendi*. The Court is thus hard pressed to throw away *Dohrmann* based on *Southern Union*'s limited finding. And the Court is not alone in thinking so. See *United States v. Kachkar*, No. 16-20595-CR, 2020 WL 7021590, at *8 (S.D. Fla. Nov. 30, 2020) (finding

*Dohrmann* remains binding Eleventh Circuit precedent and the Sixth Amendment does not apply to restitution); *see also United States v. Thunderhawk,* 799 F.3d 1203, 1209 (8th Cir. 2015) (finding post-*Southern Union* that *Apprendi* does not prohibit judicial fact-finding for restitution because "it is essentially a civil remedy created by Congress and incorporated into criminal proceedings for reasons of economy and practicality"); *United States v. Wolfe,* 701 F.3d 1206, 1218 (7th Cir. 2012) (holding *Southern Union* and *Apprendi* do not apply to restitution because "restitution is not a criminal penalty"); *United States v. Day,* 700 F.3d 713, 731 (4th Cir. 2012) (rejecting defendant's argument to vacate his restitution because *Southern Union* required fact-finding by a jury that did not occur). At bottom, *Dohrmann* remains binding Eleventh Circuit precedent and forecloses Defendant's argument.

But Defendant does not give up. He also argues, if the Court finds *Dohrmann* to be binding (which it does), the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013) still requires a jury to find facts for the court to impose restitution. In *Alleyne*, the Supreme Court held "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 570 U.S. at 108. Because § 2259 prescribes a mandatory-minimum restitution amount of $3,000, Defendant argues that imposing restitution based on judicial fact-

4

finding is unconstitutional. (Doc. 107 at 9-10). Not so. Restitution focuses on a victim's harms, not just a defendant's conduct. What is more, restitution is not an element of any offense that a jury must decide. For instance, restitution under § 2259 can consider items like a victim's medical services, psychological care, lost income, and child-care expenses. But those expenses are nowhere near the elements for possessing child pornography. Thus, Defendant's constitutional rights are not violated under *Alleyne* if the Court imposes restitution based on its own fact-findings.

One final point. The record also ensures Defendant will not face a restitution order that exceeds any statutory maximum or his own expectations. Defendant long ago agreed in the plea agreement "to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court." (Doc. 83 at 3). He made similar acknowledgments elsewhere in the plea agreement. (Doc. 83 at 1-2, 16, 24-25). The Government also gave Defendant three restitution requests from identified victims before the sentencing hearing. This early exchange follows the Presentence Investigation Report ("PSR"), where the probation officer said, "law enforcement discovered that the defendant possessed material that included 36 *known* child pornography victims (34 image files and 2 video files)." (Doc. 99 at ¶ 26 (emphasis added)). The PSR also attached victim impact statements from victims in each of the 30 identified child pornography series. (Doc. 99-1).

5

Defendant raised no factual objections to the PSR, and he waived his personal appearance at the restitution hearing. So the record is clear that, at a minimum, Defendant concedes he owes restitution. Cf. *United States v. Groover*, Nos. 20-12760, 20-14435, 2021 WL 3205719, at *5 (11th Cir. July 29, 2021) (finding defendant could not review his *Alleyne* and *Apprendi* arguments because he invited any error the district court committed in ordering restitution by twice acknowledging that he owed restitution).

In conclusion, *Dohrmann* remains binding precedent and Defendant presents no convincing argument to support departing from that case line to empanel a jury to decide restitution or limit the amount to zero dollars. The Court thus denies Defendant's motion.

Accordingly, it is now **ORDERED:**

1. Defendant Steven Baryla's Restitution Objections and Motion to Limit the Restitution Amount (Doc. 107) is **DENIED**.

2. The restitution hearing remains set for **August 16, 2021, at 1:30 p.m.** via Zoom.

**DONE AND ORDERED** in Fort Myers, Florida on August 11, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record