UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                           CASE NO: 2:19-cr-172-SPC-MRM

STEVEN THOMAS BARYLA
_____/

# ORDER

Before the Court is the United States Probation Office's Memorandum notifying the Court that Defendant Steven Thomas Baryla is eligible for relief under Amendment 821 to the United States Sentencing Guidelines. (Doc. 120). The time for the Defendant and the Government to file briefing addressing the Probation Office's Memorandum has not lapsed. However, because Probation finds Defendant is only eligible for a one-month sentence reduction, the Court concludes it needs no additional briefing and addresses the Memorandum now.

Defendant is serving a 121-month sentence for possession of child pornography. (Doc. 119). Defendant is eligible, however, for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Part A of Amendment 821.

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that

procedure. Now defendants can move to eliminate the extra points if they meet three criteria: (1) the defendant was assessed two status points under § 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range and/or the Court departed from the guideline range under U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b), and a comparable departure is authorized under U.S.S.G. § 1B1.10(b)(2)(B). Probation's Memorandum says Defendant meets all three, and a review of the record confirms so.

The Court originally calculated Defendant's total offense level to be 28 and his criminal history category to be III, which translated to an advisory guidelines range of 120 to 121 months. The Court sentenced Defendant to 121 months of imprisonment.

Defendant's criminal history would have been II under the amended guidelines (the total offense level remains unchanged). The new criminal history category would render an advisory guidelines imprisonment range of 120 months.

After considering Probation's Memorandum, the Court will reduce Defendant's sentence by one month under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Part A of Amendment 821.

Accordingly, it is

**ORDERED**:

Defendant Steven Baryla's sentence is reduced to 120 months.

**DONE and ORDERED** in Fort Myers, Florida on March 31, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record